**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BRADLEY SCHWARTZ,

                Petitioner - Appellant,

   v.

CHARLES L. RYAN; TERRY
GODDARD,

                Respondents - Appellees.

No. 10-16954

D.C. No. 4:09-cv-00200-DCB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted October 13, 2011
San Francisco, California

Before: B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Bradley Schwartz, an Arizona state prisoner, appeals the district court's

denial of his petition for a writ of habeas corpus. Schwartz contends that: (1) the

introduction of hearsay testimony at trial violated the Confrontation Clause; (2) the

prosecution engaged in multiple acts of misconduct that deprived him of his right

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

to a fair trial; and (3) the trial court, in precluding him from presenting certain impeachment witnesses, violated his right to due process.

1.

Because the Arizona Court of Appeals denied Schwartz's Confrontation Clause claim on the merits, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) precludes federal habeas relief unless this decision was (1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The state court's decision was not contrary to, or an unreasonable application of, federal law. First, the statements the admission of which Schwartz challenges were not hearsay: they were not introduced to prove the truth of the matter asserted by an out-of-court declarant, but instead to show that the person who made one statement was likely the same person who made the other. The Confrontation Clause "does not bar the use of . . . statements for purposes other than establishing the truth of the matter asserted." *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004) (citing *Tennessee v. Street*, 471 U.S. 409, 414 (1985)). Second, the Clause bars the admission at trial only of *"testimonial* statements of a witness who did not appear at trial." *Id.* at 53-54 (emphasis added); *Davis v.*

2

*Washington*, 547 U.S. 813, 821 (2006). Although the Supreme Court has not yet defined precisely what constitutes a "testimonial" statement, it has identified as the "core class" of such statements "a formal statement [made] to government officers." *Crawford*, 541 U.S. at 51; *see also Davis*, 547 U.S. at 822. The off-hand remarks regarding pizza made by Schwartz's coconspirator to a doctor about to enter a seminar and a woman working in a convenience store do not remotely approach the "core class" of statements that the Supreme Court has identified as testimonial. The state court's conclusion that introduction of these statements did not violate the Confrontation Clause was therefore not unreasonable.

2.

The state court's rejection of Schwartz's prosecutorial misconduct claim was likewise not an unreasonable application of federal law. Unconstitutional prosecutorial misconduct occurs where the prosecutor engages in actions that "so infect the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974). Schwartz identifies seven separate instances in which, he claims, the prosecutor improperly brought before the jury evidence that was either false or unduly prejudicial. Three of these instances did not cause Schwartz any prejudice whatsoever: either the testimony elicited by the prosecutor was properly before the jury, subsequent

3

testimony revealed the falsity of the prior testimony, or the prosecution later introduced the same facts through other, permissible channels. In the other four instances, any harm to Schwartz, either individually or cumulatively, was minimal: either the inferences the jury could have drawn from the prejudicial testimony could also have been drawn from other admissible evidence, or the court struck the improper evidence from the record and admonished the jury to disregard it. *See Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987) ("We normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an overwhelming probability that the jury will be unable to follow the court's instructions.") (citations and internal quotation marks omitted). The state court's conclusion that these purported acts of prosecutorial misconduct did not "so infect the trial with unfairness" as to deny Schwartz due process was therefore not unreasonable. *See Towery v. Schiro*, 641 F.3d 300, 306 (9th Cir. 2010).

3.

Because the Arizona Court of Appeals did not address Schwartz's claim that the trial court's decision precluding him from introducing the testimony of certain impeachment witnesses violated *Chambers v. Mississippi*, 410 U.S. 284 (1973), we review this claim without applying § 2254(d)(1)'s deferential standard. *See*

4

*Williams v. Cavazos*, 646 F.3d 626, 639 (9th Cir. 2011). The trial court determined that Arizona Rule of Evidence 608(b) – which precludes the introduction of evidence to contradict aspects of a witness's testimony collateral to the central issues at trial – barred Schwartz from introducing witnesses who would impeach prosecution witness Lourdes Lopez's testimony regarding why she had left her former job and when she had reported Schwartz's threats to one of her colleagues. Neither fact was directly relevant to whether Schwartz had committed the crimes with which he was charged. The trial court's application of the state collateral evidence rule to exclude this testimony therefore did not "infring[e] upon a weighty interest of the accused" and was not "arbitrary or disproportionate to the purposes [the rule was] designed to serve." *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (quoting *United States v. Scheffer*, 523 U.S. 303, 308 (1998)). Schwartz thus was not deprived of due process.

**AFFIRMED.**